IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | Case No. 2:15-CR-081(1) |
| -vs- | : | **JUDGE MARBLEY** |
| **THOMAS G. THOMPSON,** | : | |
| **Defendant.** | : | |

### JOINT MOTION OF THE DISPATCH PRINTING COMPANY AND RECEIVER IRA OWEN KANE TO ENFORCE PLEA AGREEMENT

As third-party beneficiaries to Defendant Thomas G. Thompson's plea agreement, The Dispatch Printing Company ("The Dispatch") and Ira Owen Kane, as Receiver for Recovery Limited Partnership ("RLP") and Columbus Exploration, LLC ("CX") (collectively "Movants"), respectfully move the Court to enforce Thompson's plea agreement by ordering him, within ten (10) days, to (i) sit for examination under oath and fully answer all questions posed to him relating to assets or potential assets of RLP and CX; and, thereafter, (ii) provide discovery as required by the plea agreement, including allowing Movants to inspect and copy the documents that the Government collected from Thompson when he was apprehended.  If Thompson fails to comply with the foregoing order, Movants request the Court to incarcerate him for civil contempt until he complies.  Finally, Movants request the Court to postpone Thompson's sentencing hearing on his criminal contempt conviction, or alternatively, toll his criminal sentence, until he complies fully with the terms of his plea agreement.

The grounds supporting this motion are set forth in the attached memorandum.

Respectfully submitted,

/s/ Steven W. Tigges
Steven W. Tigges (0019288)
Bradley T. Ferrell (0070965)
Ariel A. Brough (0090712)
ZEIGER, TIGGES & LITTLE LLP
41 South High Street, Suite 3500
Columbus, Ohio 43215
Telephone: (614) 365-9900
Facsimile: (614) 365-7900
Email: tigges@litohio.com
ferrell@litohio.com
brough@litohio.com

Attorneys for The Dispatch Printing Company


/s/ Terry K. Sherman
Terry K. Sherman (0002417)
52 West Whittier Street
Columbus, Ohio 43206
Phone: (614) 444-8800
Email: tkshermanlaw@gmail.com

Attorney for Receiver Ira Owen Kane

2

## MEMORANDUM IN SUPPORT

### I. Introduction

Thompson is the former general partner of RLP and former chairman of CX. When Thompson abandoned RLP and CX, he left the companies in shambles, with millions of dollars of investors' money missing, including one million dollars invested by The Dispatch.

In 2005, The Dispatch filed two civil cases against Thompson, RLP, CX and others in the Franklin County Court of Common Pleas. In 2006, after The Dispatch cases were consolidated with an admiralty case, all three cases were removed to this Court. Here, the civil case is styled *Williamson v. Recovery Limited Partnership*, Case No. C2-06-292, and initially was assigned to Judge Sargus.

On July 20, 2006, Judge Sargus entered a Consent Order resolving The Dispatch's claim against Thompson and the companies for an accounting. Based in part on information learned during the Consent Order process, and pursuant to the terms of the Consent Order, The Dispatch filed an amended complaint in December 2008 against Thompson and the other defendants. The Dispatch's amended complaint sought, among other things, the appointment of a receiver to take control of the assets of RLP and CX.

On March 11, 2009, this Court decided that part of The Dispatch's case, including its motion for appointment of a receiver, should be remanded to Common Pleas Court. However, this Court retained jurisdiction over The Dispatch's claim for an accounting and the Consent Order that was entered to resolve that claim.

In August 2012, Judge Sargus ordered Thompson to appear in the civil case to account for certain missing assets, including 500 gold coins that belonged to RLP. Thompson failed to appear. Judge Sargus then issued a warrant for his arrest and Thompson fled. Thompson

remained a fugitive until January 27, 2015, when he was apprehended by the Marshals at a hotel in Boca Raton, Florida. In evading the Marshals for over two and a half years, Defendant Thompson not only disrespected and disregarded the authority of this Court, he damaged the parties to the *Williamson* proceedings, including RLP and The Dispatch.

The Common Pleas Court placed RLP and CX into receivership in the hope that the Receiver could "do what could not previously be done: to end or minimize the infighting; to put together a solid business structure; to obtain financial support,…to bring about one or more recoveries of historical treasure" and to make a "positive financial return for the companies." [Decision Sustaining Motion to Appoint Receiver at pg. 16, attached as Ex. A] [Entry Appointing Receiver at ¶ 2, attached as Ex. B] The Court also ordered the Receiver to take control of all RLP and CX property and assets. [Ex. A at ¶ 2] Thompson's absence has made the Receiver's task exceedingly difficult. RLP and CX were already in disarray when the Receiver began to perform his duties. Without access to Thompson's breadth of information about the companies' finances, as well as the locations of their assets, the Receiver's job has been challenging if not in some respects impossible. Indeed, it is becoming ever more apparent that Thompson is the only person who knows what happened to the missing 500 gold coins.

On April 8, 2015, Thompson pled guilty to criminal contempt. As part of his plea agreement, Thompson agreed to assist the parties in the *Williamson* case, including The Dispatch and the Receiver, in identifying and recovering assets. Specifically, Thompson's plea agreement states in relevant part as follows:

> Defendant agrees to assist the Parties in Case No. 06-CV-0292, and any other party identified by the Court as having an interest, in identifying and recovering assets. Defendant agrees to testify under oath at a proceeding, amounting to a debtor's examination, to identify and recover assets. This examination shall include, but is not limited to, questions regarding the gold strike

2

>  commemorative coins which were the subject of previous orders in Case No. 06-CV-0292. After Defendant answers questions in the debtor's examination, a reasonable time will be permitted for a process amounting to civil discovery to verify answers and trace assets.
>
>  [Doc. No. 15, Section 4(a)]

Thompson, however, has failed to honor his agreement and, once again, has demonstrated his disregard not only for the authority of this Court but also for the victims of his misconduct. Despite the clear terms of his plea agreement – which he voluntarily accepted in open court – Thompson refuses to cooperate in identifying and recovering RLP's and CX's assets. He has refused to answer written questions posed to him by the Government's counsel regarding these issues and is refusing to sit for his debtor's exam.

Thompson should not be permitted to mock the authority of this Court, and the judicial process overall, by refusing to honor his plea agreement. Therefore, The Dispatch and Receiver respectfully request that the Court order Thompson to comply with his plea agreement within ten (10) days, and, if he refuses to do so, incarcerate him for civil contempt until he complies.

## II. Law And Argument

### A. As third-party beneficiaries, Movants have standing to enforce Thompson's plea agreement.

It is well-established that plea agreements are enforced according to ordinary principals of contract law. *See e.g., United States v. Robison*, 924 F.2d 612, 613 (6th Cir. 1991) ("Plea agreements are contractual in nature. In interpreting and enforcing them, we are to use traditional principles of contract law."); *United States v. Debreczeny*, 69 Fed.Appx. 702, 706 (6th Cir. 2003) ("A plea agreement is a contract, and the interpretation of its terms is therefore governed by contract-law principles.").

Accordingly, a third-party beneficiary of a plea agreement has standing to enforce the

3

agreement. *See United States v. El-Sadig*, 133 F.Supp.2d 600, 605, 608-09 (N.D. Ohio 2001) (holding that under ordinary principals of contract law, where an individual qualified as a third-party beneficiary of a non-prosecution agreement, which is analogous to a plea agreement, he had standing to enforce the agreement); *United States v. Florida W. Intern. Airways, Inc.*, 853 F.Supp.2d 1209, 1228 (S.D. Fla. 2012) (holding third-party beneficiaries could enforce terms of plea agreement); *United States v. CFW Const. Co.*, 583 F.Supp. 197, 203 (D.S.C. 1984) *aff'd*, 749 F.2d 33 (4th Cir. 1984) (same).

Under federal common law, a person qualifies as third-party beneficiary when "the contract reflects the express or implied intention of the parties to benefit the third party." *Secretary of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 706 (4th Cir. 2007); *State of Montana v. United States*, 124 F.3d 1269, 1273 (Fed. Cir. 1997). *See also* Restatement (2d) Contracts § 302 (1981). Here, Thompson's plea agreement expressly states that he "will assist the Parties in Case No. 06-CV-0292, and any other party identified by the Court as having an interest, in identifying and recovering assets." This language clearly is intended to benefit Movants, both of whom are parties in Case No. 06-CV-0292 and have direct interests in identifying and recovering the assets of RLP and CX. Therefore, Movants are third-party beneficiaries to Thompson's plea agreement with standing to enforce it.

**B.** **Specific performance and civil contempt are appropriate remedies to enforce the terms of a criminal plea agreement.**

Because ordinary contract-law principals apply to plea agreements, courts hold that specific performance is an available remedy for a breach of a plea agreement. "We have held that plea agreements are contractual in nature and interpreted using traditional principles of contract law, and that a district court can utilize specific performance to remedy any breach of the agreement." *United States v. Morris*, 470 F.3d 596, 600 (6th Cir. 2006) (internal citations

4

omitted). *Accord: Peavy v. United States*, 31 F.3d 1341, 1346 (6th Cir. 1994) (holding specific performance is an available remedy for breach of a plea agreement).

While this remedy is typically invoked when the prosecution violates a plea agreement, courts hold it likewise may be used to enforce a plea agreement against a defendant. *See e.g., United States v. Alexander*, 736 F.Supp. 1236, 1239 (N.D.N.Y. 1989) (recognizing the Second Circuit's holding in the same case that specific performance is available to the government as well as a defendant where there is a breach of the plea agreement); *McCormick v. Morrisey*, 770 F.Supp.2d 556, 562 (W.D.N.Y. 2011) ("Although each of the prior cases recognizing specific performance as a remedy for breach of a plea agreement arose in the context of the government's breach, we see no reason to deny the government a similar remedy for the defendant's breach of the plea agreement....") (internal citations omitted). This makes sense. Under ordinary contract principals, it would be unjust to allow one party to seek the remedy of specific performance while preventing the other from doing the same.

In fact, the Eastern District of Michigan, in *United States v. Zakharia*, 2:06-cr-20621, did exactly what Movants respectfully ask of this Court. It held a criminal defendant in contempt for failing to specifically perform the terms of his plea agreement. There, defendant Zakharia pleaded to one count of misdemeanor contempt of court for lying under oath while testifying as an expert witness in a civil trial. [*See* Renewed Motion for Specific Performance (copy attached as Ex. C)] As part of his plea agreement, Zakharia was required to give up his Florida state medical license. [Id.] He signed a voluntary relinquishment form provided by the government, which it subsequently submitted to the Florida Department of Health in order to permanently revoke Zakharia's medical license. [Id.] However, a few months later, Zakharia withdrew his voluntary relinquishment from the Department of Health and substituted a different document

that had been rejected previously by the government because it would not permanently ban the reinstatement of his license. [Id.] In response, the U.S. Attorney filed a motion to compel Zakharia to comply with his plea agreement. [Id.] The court granted the Government's motion and simultaneously issued a contempt order stating that if Zakharia failed to comply with his plea agreement by a specified date he would be incarcerated until he did so. [*See* E.D. Mich. Order Granting Motion (copy attached as Ex. D)]

Here, as in *Zakharia*, Thompson has refused to comply with the terms of his plea agreement. Therefore, the appropriate remedy is to order Thompson to specifically perform his plea agreement, and, if he refuses to comply, to incarcerate him for civil contempt until he does comply. Indeed, "[i]ncarceration has long been established as an appropriate sanction for civil contempt." *United States v. Bayshore Assoc., Inc.*, 934 F.2d 1391, 1400 (6th Cir. 1991).

### C. The Court should postpone sentencing Thompson for his criminal contempt conviction, or alternatively, toll the criminal sentence, until after Thompson purges his civil contempt and complies with his plea agreement.

It is well established that a defendant's criminal sentence of incarceration may be interrupted to serve time for civil contempt. *Williamson v. Saxbe*, 513 F.2d 1309 (6th Cir. 1975); *United States v. Mitchell*, 556 F.2d 371 (6th Cir. 1977); *Application of U. S. Senate Permanent Subcommittee*, 655 F.2d 1232 (D.C. Cir. 1981); *In re Grand Jury*, 640 F.3d 385 (1st Cir. 2011); *United States v. Dien*, 598 F.2d 743 (2d Cir. 1979); *In re Grand Jury Investigation*, 542 F.2d 166 (3d Cir. 1976); *United States v. Chacon*, 663 F.2d 494 (4th Cir. 1981); *In re Grand Jury Proceedings*, 532 F.2d 410 (5th Cir. 1976); *Anglin v. Johnston*, 504 F.2d 1165 (7th Cir. 1974); *Martin v. United States*, 517 F.2d 906 (8th Cir. 1975); *In re Garmon*, 572 F.2d 1373 (9th Cir. 1978).

This is precisely the approach the Court should take in this case so as to properly

incentivize Thompson to comply with his plea agreement. If Thompson is sentenced for his criminal conviction before he complies with his plea agreement, and the sentence is not tolled, incarceration for civil contempt will have little if any effect in compelling Thompson to comply with his plea agreement because Thompson already will be serving a significant prison sentence. However, if Thompson's criminal sentence is deferred or tolled while he serves time for civil contempt, he will be incentivized to comply with his plea agreement so as to avoid prolonging his incarceration beyond the period of his criminal sentence.

## III. Conclusion

For the reasons set forth herein, Movants respectfully request that the Court take the following actions:

(1) Issue an order of specific performance compelling Thompson to, within ten (10) days, (a) sit for examination under oath and fully answer all questions posed to him relating to the assets or potential assets of RLP and CX, and, thereafter, (ii) provide discovery as required by the plea agreement, including allowing Movants to inspect and copy the documents that the Government collected from Thompson when he was apprehended.

(2) If Thompson fails to comply with the foregoing order, incarcerate Thompson for civil contempt until he complies.

(3) Postpone Thompson's sentencing hearing on his criminal contempt conviction, or alternatively, toll his criminal sentence, until after Thompson complies fully with the terms of his plea agreement.

Respectfully submitted,

/s/ Steven W. Tigges
Steven W. Tigges (0019288)
Bradley T. Ferrell (0070965)
Ariel A. Brough (0090712)
ZEIGER, TIGGES & LITTLE LLP
41 South High Street, Suite 3500
Columbus, Ohio 43215
Telephone: (614) 365-9900
Facsimile: (614) 365-7900
Email: tigges@litohio.com
ferrell@litohio.com
brough@litohio.com

Attorneys for The Dispatch Printing Company

/s/ Terry K. Sherman
Terry K. Sherman (0002417)
52 West Whittier Street
Columbus, Ohio 43206
Phone: (614) 444-8800
Email: tkshermanlaw@gmail.com

Attorney for Receiver, Ira Owen Kane

8

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was filed electronically this 18th day of September, 2015. Notice of this filing and a copy of the pleading will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A copy of the foregoing was also served upon the following via electronic mail:

>Steven S. Nolder
>Scott and Nolder Law Firm
>65 East State Street
>Suite 200
>Columbus, Ohio 43215
>snolder9@gmail.com
>
>Attorney for Defendant Thompson
>
>Douglas W. Squires
>Assistant United States Attorney
>303 Marconi Boulevard
>Suite 200
>Columbus, Ohio 43215
>douglas.squires@usdoj.gov

/s/ Steven W. Tigges
Steven W. Tigges (0019288)

157169:566896v2

9