IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | Case No. 2:15-CR-00081 |
| v. : | |
| : | JUDGE ALGENON L. MARBLEY |
| THOMAS G. THOMPSON, : | |
| : | |
| Defendant. : | |

## ORDER

On December 15, 2015, this Court sentenced Defendant Thomas G. Thompson to a two-year term of incarceration for criminal contempt on December 15, 2015. That same day, the Court found Thompson in civil contempt for violating a Court order to sit for a debtor's examination and assist the litigants in the civil case No. 06-cv-0292 in identifying and recovering assets, as required by his plea agreement. (Doc. 63 at 5.) The Court tolled Thompson's criminal sentence, ordering him to be incarcerated and to pay a fine of $1,000/day until he purged himself of the contempt. (*Id.* at 6.) Thompson appealed both the Court's sentence and the finding of civil contempt. The Court stated that it would assess the status of Thompson's compliance with the Court order every 60 days. (*Id.* at 5.) On March 8, 2016, the Court held a hearing and Thompson was again unwilling to cooperate. (Doc. 70.) The next hearing was scheduled for May 16, 2016. (Doc. 71.)

Under 18 U.S.C. § 4241(a), upon motion by a party or *sua sponte*, the Court may order a hearing on the defendant's mental competency. Before the hearing, "the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or

1

psychological report be filed with the court." 18 U.S.C. § 4241(b). Although this statute relates to mental competency to stand trial or to undergo post-release proceedings, the Court finds that it is appropriate at this time to determine Thompson's competency to comply with the terms of his plea agreement because civil-contempt sanctions are "remedial or coercive" rather than punitive in nature. *United States v. Mitchell*, 556 F.2d 371, 383 (6th Cir. 1977). Thompson has been incarcerated for civil contempt since December 15, 2015, and the Court deems an independent medical examination necessary to determine whether the civil-contempt sanction is having the desired remedial effect on Thompson or whether Thompson is unable to comply with the terms of his plea agreement due to a neurological defect.

The Court **AUTHORIZES** Dr. Bob Stinson to evaluate Defendant and to report within thirty (30) days, **on or before June 3, 2016**, its findings regarding Defendant's neurological condition insofar as it may interfere with his ability to comply with the terms of his plea agreement.

The hearing scheduled for May 16, 2016 is **VACATED** and a new hearing is scheduled for **June 10, 2016 at 10:00 a.m.**

**IT IS SO ORDERED.**

                                                 s/ Algenon L. Marbley
                                                 **ALGENON L. MARBLEY**
                                                 **UNITED STATES DISTRICT JUDGE**

**DATED: May 4, 2016**