**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:15 cr 00081** |
| | : | |
| **v.** | : | **Judge Marbley** |
| | : | |
| **Thomas G. Thompson,** | : | **Magistrate Judge Deevers** |
| | : | |
| **Defendant.** | : | |

**MOTION OF DEFENDANT THOMAS G. THOMPSON FOR AN ORDER DIRECTING DELAWARE COUNTY SHERIFF TO ALLOW VISITATION AND TO PERMIT DISCLOSURE OF SEALED DOCUMENTS TO MEDICAL EXAMINER**

Defendant Thomas G. Thompson hereby moves this Court for an Order directing the Delaware County Sheriff's Office to allow Martin T. Ryan, M.D., a private physician retained by Thompson's counsel, to meet with Defendant at the Delaware County Jail in a private interview room, on such occasions as may be required by Dr. Ryan, to conduct a medical examination of Defendant. Defendant further moves this Court for an Order permitting Dr. Ryan to have access to all sealed documents filed or submitted to the Court in connection with this case.

Grounds in support of this Motion are set forth in the Memorandum in Support attached hereto and incorporated herein by this reference.

Respectfully Submitted,

Dated: June 24, 2016

*/s/ Todd A. Long*
Todd A. Long (0082296)
tlong@klattorneys.com
Lead Counsel

*/s/ Charles A. Koenig*
Charles A. Koenig (0018358)
ckoenig@klattorneys.com
Co-Counsel

KOENIG & LONG, LLC
5354 North High Street
Columbus, Ohio 43214
tele (614) 454-5010
fax (614) 454-5030
ATTORNEYS FOR DEFENDANT

**MEMORANDUM IN SUPPORT**

On October 19, 2015, pursuant to a written plea agreement, Defendant Thomas G. Thompson sat for a nearly 6 hour videotaped deposition and, as set forth in a 311 page transcript, provided detailed answers responsive to questions posed by the Assistant U.S. Attorney ("AUSA") and by counsel for Mr. Thompson's civil court adversaries ("civil adversaries"), who represent an extremely small percentage of the investors in Mr. Thompson's successful undersea exploration. Mr. Thompson answered every question posed to him to the best of his ability at the time.

Despite Mr. Thompson's cooperation, the AUSA and the civil adversaries asserted that several answers provided by Mr. Thompson were incomplete, evasive and/or untruthful. At issue is whether 500 gold coins provided to Mr. Thompson as partial compensation for his work were transferred by him to a Belizian trust known as the CA Archeological Protection Trust, as testified by Mr. Thompson, and, if so, where those coins are now physically located. The AUSA and civil adversaries seek additional information about the details of this transfer. Mr. Thompson testified during the deposition about all the details of the transfer which he stated he could remember, but as to the specific details he indicated that either he didn't know or would need to refresh his memory by reviewing documents contained within the 75 boxes held by the U.S. Marshal's office.

Because of the position taken by the AUSA and civil adversaries that Mr. Thompson's October 19, 2015, answers were incomplete, evasive and /or untruthful, the court scheduled a second examination for December 14, 2015. On that date, Mr. Thompson appeared for deposition and took the position that his illness, together with his inability to gain physical access to the 75 boxes of information being held by the U.S. Marshall, he was unable to give additional information.

On or about December 14, 2015, Defendant's prior counsel provided uncontroverted evidence to this Court in a sealed filing that Defendant has suffered since 1993 from a chronic and potentially lethal medical illness known as encephalomyelitis. Prior counsel also requested a continuance of the proceedings so that it could present evidence showing a nexus between Mr. Thompson's illness and his behavior on December 14th.

On December 15, 2015, the Court denied Mr. Thompson's motion for a continuance and held a show cause hearing to determine why it should not hold him in civil contempt. On December 16, 2015, the Court issued an order holding Mr. Thompson in civil contempt for his actions on December 14th, ordering him incarcerated and to pay a fine of $1,000.00 per day, until he purges himself of the civil contempt.

The undersigned counsel has retained the services of an expert witness, Martin T. Ryan, M.D., a board certified clinical psychiatrist practicing in Delaware County, Ohio. Dr. Ryan has been retained for the purpose of conducting a medical examination of Mr. Thompson in order to supplement the competency evaluation performed earlier at the direction of the Court by licensed psychologist Bob Stinson, Psy.D. Counsel anticipates that Dr. Ryan's examination will assist the Court in determining whether

Mr. Thompson's inability to provide more complete answers to the questions posed to him by the AUSA and civil adversaries about the details of the Trust results in part from a neurological defect or other medical condition.

This Court issued an Order on May 4, 2016, in which it authorized Dr. Stinson, to evaluate Mr. Thompson regarding his "neurological condition insofar as it may interfere with his ability to comply with the terms of his plea agreement." However, because Dr. Stinson is not licensed to practice medicine in the state of Ohio, Defendant believes that a medical evaluation by a medical doctor who is board certified by the American Board of Psychiatry and Neurology, will provide this Court with additional and relevant information regarding the nexus between his medical condition and the Court's concerns over Mr. Thompson's compliance with his plea agreement. A copy of Dr. Ryan's curriculum vitae is attached hereto as Exhibit A.

Because Mr. Thompson's prior counsel provided uncontroverted evidence to this Court in a sealed filing that Defendant has suffered since 1993 from a chronic and potentially lethal medical illness known as encephalomyelitis but there remains an unanswered issue about whether there is a nexus between that illness and Mr. Thompson's behavior on December 14, 2015, Defendant respectfully suggests that an examination and evaluation by Dr. Ryan is reasonably necessary to resolve 1) whether such a nexus does in fact exist, and 2) whether Mr. Thompson's medical condition affects his ability to respond more fully to the questions already answered by him. In addition, it will further enable undersigned counsel to adequately address Dr. Stinson's report. Defendant is entitled to his own experts for the purpose of establishing mitigating evidence in matters involving mental health. See *Ake v. Oklahoma*, 470 U.S. 68, 83 (1985).

In the professional judgment of the undersigned counsel, we believe it is reasonably necessary that Dr. Ryan conduct the examination of Defendant, in order for counsel to effectively represent and defend Defendant in this case. Further, allowing Dr. Ryan to have access to Defendant at the Delaware County Jail, in a private room, in order to allow him to fully evaluate the effects of Mr. Thompson's medical condition, will assist this Court in determining whether Thompson has complied with the terms of his plea agreement to the best of his ability.

In addition, in order to permit Dr. Ryan to conduct a thorough evaluation of Mr. Thompson, Dr. Ryan must be permitted unfettered access to all pleadings and documents filed in this case. This Court has, from time to time, restricted access to various pleadings and documents, and, accordingly, this Court's permission is respectfully requested to allow the undersigned counsel to supply Dr. Ryan with any and all pleadings and documents requested by him, subject, of course, to Dr. Ryan's agreement to comply with this Court's restrictions.

Accordingly, Defendant respectfully requests that this Court Order the Delaware County Sheriff's Office to allow Dr. Ryan access to Defendant in a private interview room at the Delaware County Jail, on such occasions as determined by Dr. Ryan, in order to conduct a medical examination and evaluation of Defendant. Defendant further requests that this Court permit Dr. Ryan to have access to all pleadings and documents in this case.

Respectfully Submitted,

Dated: June 24, 2016

*/s/ Todd A. Long*

Todd A. Long (0082296)
tlong@klattorneys.com
Lead Counsel

/s/ *Charles A. Koenig*
Charles A. Koenig (0018358)
ckoenig@klattorneys.com
Co-Counsel

KOENIG & LONG, LLC
5354 North High Street
Columbus, Ohio 43214
tele (614) 454-5010
fax (614) 454-5030

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Motion of Defendant Thomas G. Thompson was electronically filed with the Clerk of the United States District Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, including Assistant United States Attorney Douglas W. Squires, on June 24, 2016.

/s/ Charles A. Koenig
Charles A. Koenig (0018358)
ATTORNEY FOR DEFENDANT

**EXHIBIT A**

# Martin T. Ryan, M.D.

320 London Road, Suite 101
Delaware, Ohio 43015

**EDUCATION:**

The Ohio State University, Columbus, Ohio
Department of Psychiatry
Residency Training, July 1992 through July 1996

The Ohio State University, Columbus, Ohio
College of Medicine
June 1992, Doctor of Medicine

Ohio Wesleyan University, Delaware, Ohio
June 1983, B.A.
Majors: Philosophy, Pre-Theology, Pre-Medicine
Minors: Psychology, Chemistry

**EMPLOYMENT:**

1. **The Ohio State University, Department of Psychiatry**, Columbus, Ohio
   Psychiatry Resident and Clinical Instructor (July 1992 to July 1996)

2. **Central Ohio Psychiatric Services**, Delaware, Ohio
   Director (August 1996 to present)
   Provider of consultation services to government agencies, community mental health centers and private parties

**PROFESSIONAL SOCIETY MEMBERSHIPS:**

American Academy of Psychiatry and the Law
American Academy of Clinical Psychiatry

**ACADEMIC AFFILIATION:**

**The Ohio State University, Department of Psychiatry**, Columbus, Ohio
Associated Faculty Asst. Professor of Psychiatry (October 1996 to present)
Awarded "Outstanding Faculty Member" in 2006 by PGY-1 residents

**LICENSURE & CERTIFICATION:**

License # 35-06-5539 issued by the State Medical Board of Ohio

License # BR-3725821 issued by the Federal Drug Enforcement Agency

SAMHSA Buprenorphine Physician # XR-3725821

Diplomate, American Board of Psychiatry and Neurology

**PUBLICATIONS:**

"Treating Panic Disorder in Patients with a History of Substance Use Disorders, Parts I & II" *Directions in Psychiatry* (Hatherleigh Co., New York, July & November, 2001)

"Rational Treatment of Panic Disorder with Antidepressants," *Annals of Clinical Psychiatry* (Plenum Publishing Corporation, New York, December, 1998), Matig Mavissakalian, co-author

"The Role of Medication in the Treatment of Anxiety Disorders," Chapter 7 in ***Treating Anxiety Disorders*** (edited by W.T. Roth, Jossey-Bass Publishers, 1997), Matig Mavissakalian, co-author

"Recent Advancements in Pharmacologic and Psychosocial Treatment of Panic Attacks," *Essential Psychopharmacology* (Hatherleigh Co., New York, October, 1996), Matig Mavissakalian, co-author