IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 2:15-CR-081(1) |
| | ) | |
| THOMAS G. THOMPSON, | ) | JUDGE MARBLEY |
| | ) | |
| Defendant. | ) | |

**MOTION OF RECOVERY LIMITED PARTNERSHIP TRUST REQUESTING INSPECTION AND CUSTODY OF PROPERTY SEIZED FROM CRIMINAL DEFENDANT THOMAS G. THOMPSON**

John Pidcock, Trustee for Recovery Limited Partnership Trust ("RLP Trust"), respectfully moves the Court for entry of an order allowing RLP Trust to inspect and take custody of the property recovered from Defendant Thomas G. Thompson ("Defendant") upon his arrest by the United States Marshals Service ("hereinafter the Property"). The Property is currently located in 75 boxes at the United States Marshals Service in Columbus, Ohio. RLP Trust has a storage unit that contains other evidence and property from this case. RLP requests that this Court issue an order allowing RLP Trust to store the Property in the storage unit to facilitate inspection and review.

On September 14, 2015, the Dispatch Printing Company and Receiver Ira. O. Kane filed a motion substantially similar to the present one (*See* ECF No. 24.)). The Court granted this motion on September 21, 2015. (*See* ECF No. 31.) RLP Trust files this motion for the substantially similar reason of locating assets that can be liquidated and distributed to the investors of defendant's gold-recovery enterprises.

{10572779: }

The grounds supporting this motion are set forth in the attached memorandum. The U.S. Attorney's Office communicated to undersigned counsel that the Government does not oppose this Motion.

Respectfully submitted,

/s/ *Jennifer Dowdell Armstrong*
Sean D. Malloy (0073157)
Jennifer Dowdell Armstrong (0081090)
McDonald Hopkins, LLC
600 Superior Avenue East, Suite 2100
Cleveland, OH 44114
(216) 348-5436 (office)
(216) 348-5474 (facsimile)
smalloy@mcdonaldhopkins.com
jarmstrong@mcdonaldhopkins.com
Attorneys for John Pidcock, Trustee for
Recovery Limited Partnership Trust

**MEMORANDUM IN SUPPORT**

I. **Factual Summary**

Receiver's previous motion regarding inspection of the Property gave a brief overview of the procedural history of this case, which will not be duplicated here. In short, Defendant left his two treasury-recovery companies in a shambles with millions of dollars of investors' money missing. Several civil cases were filed, consolidated, and ultimately removed to this Court. After the Court ordered Defendant to produce 500 gold restrike coins, Defendant fled and remained a fugitive for approximately four and a half years until he was apprehended by the U.S. Marshals Service. Over the course of the US Marshals Services's four-and-a-half-year investigation, the Marshals recovered 75 boxes of property from various locations in the possession of Defendant. Access to these boxes is the subject of this motion.

The Receivership was eventually wound down, and the RLP Trust was established with a responsibility substantially similar to that of the Receiver – to marshal the assets of Defendant's companies and return them to his companies' investors. On March 21, 2021, the Court entered an order authorizing RLP Trust to retain and employ the Replevin Group, LLC[1] as an asset recovery firm to conduct an asset investigation to recover property. In furtherance of the investigation, RLP Trust and Replevin Group, LLC wish to take possession of and inspect the Property.

---

[1] Replevin Group, LLC, is a Florida Limited Liability Company that is owned and operated by two practicing attorneys, Stephen Dowdell and Robert Carey. Mr. Dowdell has 11 years of experience working as a trial attorney with the United States Department of Justice and the Federal Trade Commission in matters involving collection of taxes, fraud, and federal judgments. Robert Carey has focused most of his professional career in receivership-related capacities of court-appointed receiver, deputy receiver, receivership accounting consultant and/or receiver's legal counsel to receivers in many federal receivership cases during the last twenty years.

**II.     Law and Argument**

The Court should allow the RLP Trust to inspect the Property for reasons similar to the ones set forth in Receiver's motion – primarily to assist with its investigation to recover assets for Defendant's investors. Additionally, the Court should allow the RLP Trust to take custody of the Property from the Marshals Service to allow for a more thorough and expeditious examination thereof. Significantly, the U.S. Attorney's Office has communicated to undersigned counsel that it has no objection to this Motion.

A.     Examining the Property will further the asset investigation.

The Receiver argued in his prior motion that he required access to the Property for several reasons. Specifically, the Receiver argued that he needed access to the Property to carry out its receivership duties. Part of these duties were preparing for defendant's debtor examination. In particular, the Receiver distinguished his ability to access the Property from any attempt to take actual ownership of the property. It stands to reason that if the Receiver found anything of value in his review of the Property, then he could file a motion to take control or ownership of the property to the extent that the property could be liquidated and distributed to Defendant's investors.

Here, the RLP Trust and its court-appointed asset recovery firm, Replevin Group, LLC, similarly request the Court to grant access to the Property to further the continuing asset investigation. Indeed, the RLP Trust has the same obligation as the Receiver did to inspect the Property. Notably, the Property was recovered from Defendant while he was a fugitive from the law, and it likely contains the best leads to recover his assets.

With no disparagement intended towards the results of the Receiver's investigation and with acknowledgement of the limits of the capacity of any person, 75 boxes worth of information is a mountain of information to review. Indeed, the Receiver's time records show that the Receiver

accessed the Property for only one week. An average of ten-and-a-half boxes per day over that one-week period is not a significant period of time to allow for careful review, especially considering the fatigue that comes into play reviewing documents for an intensive and extended period.[2] Therefore, a second set of eyes to examine will undoubtedly prove beneficial to the Trustee and ultimately the investors. Additionally, it is worth noting, that at the time the Receiver reviewed these documents, the Receiver did not have a fifteen million dollar judgment against Defendant individually, which would conceivably have narrowed the scope of the Receiver's prior investigation. Accordingly, RLP Trust requests access to the Property to further its asset investigation.

> B. Taking custody of the Property will streamline the asset investigation and reduce the burden on the U.S. Marshals Service.

RLP Trust requests that the Court allow the Property to be in the custody of the RLP Trust to facilitate the investigation. Importantly, RLP Trust is not seeking title to, or ownership over, the Property. If the investigation of the Property uncovers anything of value, then RLP Trust will make an appropriate filing with the Court. In addition, given that there may be parties with obligations relating to the Property, RLP Trust will hold the property pending a future order from the Court in that regard. Indeed, it is worth noting that, but for Thompson's decision to become a fugitive, which required the U.S. Marshals Service to conduct their manhunt, the Receiver would have been the one to take custody of these documents at the outset. Thus, like the Receiver, RLP Trust seeks custody as a fiduciary to Defendant's investors.

Taking custody over the Property will streamline the investigation while at the same time relieving the U.S. Marshals Service of its obligations over both the Property and the inconvenience

---

[2] In just one example of the voluminous amount of information contained in the Property, the Receiver imaged hundreds of mobile telephones and other electronic devices. Seeing no mention of the electronic data in the Receiver's reports, the RLP Trust intends to forensically analyze that portion of the Property.

{10572779: } 5

that comes with visitors to its offices. The RLP Trust already has a storage unit containing evidence and other material in this case. Given the potential value of the Property to its investigation, it makes sense to store and review the Property in this facility. The spaciousness of the facility will allow the Property to be spread out and organized, so that it can be reviewed more effectively. It also provides a certain level of comfort, which will be much appreciated during the hours of review. If any contractors need to be hired to assist with a review of the Property, there will be no security or access limitations to the facility. The storage facility also resolves any issues regarding more limited access to the Marshals Service's offices within a Government building because the storage facility allows continuous access at all hours of the day.

In contrast, the security precautions of the Government building limit both the access and the scheduling for the RLP Trust. Regarding access, agents of the RLP Trust will have to pass through building security at all entry and exit times. If RLP Trust deems it necessary to bring in contractors to image or otherwise process the Property, who may need to bring in their own equipment, the access problem compounds the logistical difficulties. In addition, the Government review will presumably not allow any after-hours review of the Property, making scheduling of the Property review much more rigid. In addition, review of the documents may involve an extended amount of time, and RLP Trust does not want to burden the U.S. Marshals Service with any additional supervisory duties that would be obviated if the Property were stored in the storage facility.

**III.     Conclusion**

      The RLP Trust respectfully requests the Court to enter an order granting access and custody over the Property. In light of the Defendant's apparent recalcitrance[3], and the alignment of this Court's, the U.S. Marshal's Service, and the Trustee's interests in recouping assets for the benefit of the Defendant's investors, the Trustee is confident that the ultimate objective is of justice for the victims will be best served by the Court granting this Motion. Granting custody over the Property will help with logistical aspects of the investigation, and the RLP Trust will hold the property pending a future order from the Court. It will also relieve the Marshals Service of the space requirements for storage of the Property, as well as its duties to supervise visitors to its offices. Significantly, the U.S. Attorney's Office has communicated to undersigned counsel that it does not oppose this Motion.

      Respectfully submitted,

/s/ *Jennifer Dowdell Armstrong*
Sean D. Malloy (0073157)
Jennifer Dowdell Armstrong (0081090)
McDonald Hopkins, LLC
600 Superior Avenue East, Suite 2100
Cleveland, OH 44114
(216) 348-5436 (office)
(216) 348-5474 (facsimile)
smalloy@mcdonaldhopkins.com
jarmstrong@mcdonaldhopkins.com

Attorneys for John Pidcock, Trustee for Recovery Limited Partnership Trust

---

[3] Given the lengths that Defendant has taken to frustrate asset recovery in this matter, and his own ability to remain hidden for nearly five years, the substantive aspect of the RLP Trust's asset investigation could be greatly aided by the information contained in the Property

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 2:15-CR-081(1) |
| | ) | |
| THOMAS G. THOMPSON, | ) | JUDGE MARBLEY |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

This matter came to be heard on RLP Trust's Motion of Recovery Limited Partnership Trust to Requesting Inspection and Custody of Property Seized From Criminal Defendant Thomas G. Thompson. In consideration of the motion, the Court hereby ORDERS as follows:

1. RLP Trust shall immediately make arrangements with the United States Marshals Service to take into custody the 75 boxes of property related to this case and currently located at the offices of the United States Marshals Service in Columbus Ohio and move those boxes to the RLP Trust storage facility in a timely manner;

2. In furtherance of its asset investigation, the RLP Trust may inspect the boxes;

3. If RLP Trust uncovers an asset in the Property, it shall notify the Government;

4. If, in the future, the Marshals perceive a need for any part of the Property, RLP Trust will comply with their request in a timely manner; and

5. The RLP Trust shall hold the 75 boxes of property pending future orders from this Court.

                                                                                                      **JUDGE ALGENON L. MARBLEY**